IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    3:06cr442/LAC

BENNIE GILES,
        Defendant.

## **O R D E R**

This cause is before the court upon defendant's "motion for guilty plea colloquy transcript and/or sentencing transcript." (Doc. 60). The defendant seeks to obtain the rearraignment and sentencing transcripts without payment in order to pursue his motion to vacate his sentence under Title 28 U.S.C. § 2255. Neither § 753(f) nor § 1915 of Title 28 entitles federal prisoners to receive such documents at no cost for the purpose of preparing such a case. *Skinner v. United States,* 434 F.2d 1036 (5th Cir. 1970); *United States v. Herrera*, 474 F2d 1049 (5th Cir. 1973).[1] Rather, free records will not be supplied to an indigent prisoner until <u>after</u> he has filed the § 2255 motion and then only if he has satisfactorily established the need for specific documents. A prisoner is not entitled to search the trial transcript or other records for possible error at the government's expense. *See United States v. Warmus*, 151 Fed.Appx. 783, 787 (11th Cir. 2005) (citing *Skinner* and *Herrera, supra*).[2]

---

[1] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[2] Moreover, there is no constitutional requirement that an indigent collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a "particularized need" for the documents. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-330, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (federal habeas statue permitting district judge to deny free transcript to indigent defendant raising frivolous claim in petition for collateral relief does not violate the Constitution.).

With respect to the transcripts, defendant has not shown that they are "necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding," as the only issue he has currently raised is counsel's failure to file an appeal. *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992); *see also Bentley v. United States*, 431 F.2d 250 (6th Cir. 1979) (no entitlement to be furnished free transcript to search for yet unasserted grounds for relief absent any prior showing of need); 28 U.S.C. § 753(f). Furthermore, only the sentencing transcript is currently part of the record; the rearraignment transcript has not yet been transcribed. Therefore, notwithstanding the allegations of poverty contained in his incorporated motion for leave to proceed *in forma pauperis*, his request for free copies is denied.

Accordingly, it is ORDERED:

Defendant's motion for a free copy of the guilty plea colloquy transcript and/or sentencing transcript is DENIED.

The clerk shall provide information to the defendant about the procedures for and costs of obtaining the transcripts he seeks from the court reporters who recorded the two proceedings in question.

DONE AND ORDERED this 28th day of January, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cr442/LAC*