IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                     3:06cr442/LAC
                                                           3:07cv398/LAC/MD

BENNIE GILES

## **REPORT AND RECOMMENDATION**

This matter came before the court upon an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 50 & 51). The government filed a response (doc. 70) and the defendant filed a reply (doc. 74). The court scheduled an evidentiary hearing for September 23, 2008, at which time the defendant indicated his desire to withdraw his motion.

Defendant is currently serving a term of 720 months imprisonment pursuant to a plea of guilty to offenses including carjacking, armed robbery, and firearms counts. Defendant cooperated with government, and his sentence was approximately 50 percent less than his recommended guideline sentence would have been absent the consideration of his substantial assistance. (Doc. 55 at 4-5). At today's scheduled hearing on his § 2255 motion, defendant indicated that he had consulted with his appointed attorney, and believed it to be in his best interest to dismiss the instant motion so he could pursue cooperating with the government in hopes of obtaining a further sentence reduction through a Rule 35 motion. The court questioned the defendant about his position, and explained to him that regardless of his good faith efforts to cooperate with the government, there was no guarantee that the government would file a Rule 35 motion. And, even if such a motion was filed, defendant was advised that there was no way to predict how the

*Page 2 of 2*

district court would rule on the motion. Finally, the undersigned explained that if defendant was dissatisfied with the result of his attempted cooperation, he would likely be barred from re-filing his § 2255 motion. Defendant indicated that he understood, and that he still wished to withdraw the instant motion.

Having satisfied itself that the defendant made a voluntary, knowing, and intelligent decision to dismiss his motion, it is the opinion of the undersigned that the defendant's request should be granted.

Based on the foregoing, it is respectfully RECOMMENDED:

Defendant's oral motion to withdraw his § 2255 motion be granted and the motion to vacate, set aside, or correct sentence (doc. 50) be dismissed.

At Pensacola, Florida, this 23rd day of September, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:06cr442/LAC; 3:07cv398/LAC/MD*