IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                             Case Nos.:   3:06cr442/LAC/EMT
                                             3:16cv223/LAC/EMT

BENNIE L. GILES,

---

## AMENDED REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 114). After reviewing the record, the court concludes that the motion should be summarily dismissed because "it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### BACKGROUND and ANALYSIS

Pursuant to a written plea agreement, Defendant Bennie Giles pleaded guilty to a ten-count indictment that charged: three counts of carjacking in violation of 18 U.S.C. §§ 2119 and 2; one count of discharging a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii) and (2); four counts of possession of a firearm during a violent crime in violation of 18 U.S.C.

§§ 924(c)(1)(A)(ii) and (2); and two counts of robbery by force or violence in violation of 18 U.S.C. §§ 1951 and 2 (ECF Nos. 1, 27). Defendant was sentenced to a total term of 720-months imprisonment (ECF No. 46). Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 in 2007, which he subsequently voluntarily withdrew at a scheduled evidentiary hearing (*see* ECF Nos. 48, 50, 70, 74, 91, 92, 95). Because the previous § 2255 motion was withdrawn without a ruling by the court, the instant motion is not considered successive within the meaning of 28 U.S.C. § 2244(b)(3) and § 2255(h).

Defendant now claims that he is entitled to § 2255 relief pursuant to the Supreme Court's decision in Welch v. United States, 136 S. Ct. 1257 (2016), which he characterizes as a "new change in substantive sentencing law." Welch held that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) invalidating the so-called "residual clause" of the Armed Career Criminal Act ("ACCA") is retroactively applicable on collateral review. Defendant claims that Welch "makes [his] predicate offenses non-violent" (ECF No. 114 at 4).

Although Defendant was not classified as an Armed Career Criminal, he did receive a Chapter Four Enhancement under the Guidelines as a career offender due

to two[1] prior convictions for violent felonies (ECF No. 115, PSR ¶ 76). The two prior convictions appear to be two convictions for second degree robbery, described in paragraphs 81 and 84 of the PSR.[2]

Title 18 U.S.C. § 924(e), the ACCA, provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The Supreme Court ruled in Johnson that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness. Johnson, 135 S. Ct. at 2563. The definition of "crime of violence" in § 4B1.2 of the Sentencing Guidelines is identical to the definition in the ACCA. To the extent

---

[1] The PSR contains a scrivener's error in that it refers to "one [sic] prior felony convictions" (ECF No. 115, ¶ 76).

[2] Paragraph 76 contains a second scrivener's error in that it refers to paragraphs 78 and 81 as supporting the career offender enhancement. Paragraph 78 falls under the heading of "Offense Behavior Not Part of Relevant Conduct" and is unrelated to Defendant's prior criminal history.

Case Nos.: 3:06cr442/LAC/EMT; 3:16cv223/LAC/EMT

Page **4** of **9**

Defendant argues that the holding in Johnson is applicable to the guidelines, and that his Chapter Four enhancement is invalid, his claim is both foreclosed by current circuit precedent and factually mistaken.

First, the court notes that the Eleventh Circuit has held that the Supreme Court's decision in Johnson does not apply to challenges to sentence enhancements based on the United States Sentencing Guidelines, and that individual sentencing guidelines cannot be unconstitutionally vague.  United States v. Matchett, 802 F.3d 1185, 1194–96 (11th Cir. 2015)[3]; *see also* Beckles v. United States, 616 F. App'x. 415, 416 (11th Cir. 2015) ("Johnson says and decided nothing about career-offender enhancements under the Sentencing Guidelines."); *but see* In re Robinson, No. 16-11304-D, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (noting that all ten of the other courts of appeal have either held or assumed that Matchett was incorrect and have applied Johnson to guidelines adjustments).  Because this court is bound by Eleventh Circuit precedent, unless and until Matchett is overturned, a challenge

---

[3] The mandate in Matchett was withheld pursuant to Court instructions on November 16, 2015, and Appellant has submitted three letters of supplemental authority in support of a request for rehearing and reconsideration of the "lone contrary view" set forth therein. *See* https://ecf.ca11.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp&caseNum=14-10396&incOrigDkt=Y&incDktEntries=Y

Case Nos.: 3:06cr442/LAC/EMT; 3:16cv223/LAC/EMT

to the application of the § 4B1.1 career offender enhancement based on the use of the "residual clause" of guideline § 4B1.2 must fail.

However, even assuming for sake of argument that <u>Matchett</u> were vacated or overturned, Petitioner still would not be entitled to relief because the residual clause of the career offender guideline did not control the application of the enhancement in his case. Application of the Chapter Four enhancement requires "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The definition of a crime of violence contained in U.S.S.G. § 4B1.2, contains an "elements clause" and a list of enumerated offenses with a "residual clause" identical to the clause disapproved in <u>Johnson</u>. Petitioner's claim that the two offenses that were used to support the application of the career offender enhancement qualified as predicate offenses only under the residual clause is mistaken. While it is true that robbery is specifically identified as a crime of violence in Application Note 1 to § 4B1.2, this offense also meets the requirements of the elements clause; that is, it has "as an element, the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *see also* <u>In re Robinson</u>, 2016 WL 1583616, at *1.

Case Nos.: 3:06cr442/LAC/EMT; 3:16cv223/LAC/EMT

Defendant's second degree robbery convictions occurred in the state of Alabama. A person commits the crime of second degree robbery if the person violates Section 13A-8-43, Alabama Code, and is aided by another person actually present. Ala. Code § 13A-8-42. Section 13A-8-43 of the Alabama Code defines robbery as a commission of a theft "[using] force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance" or "[threatening] the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking or escaping with the property." Ala. Code § 13A-8-43. The PSR reflects that the robberies took place with a handgun (PSR ¶ 81), and a pistol (PSR ¶ 84). These offenses, which involved the threatened use of physical force against the person of another, qualified as crimes of violence under the elements clause of § 4B1.2(a)(2). As such, application of the reasoning in Johnson to the guidelines is of no benefit to Defendant.

The court also notes that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. § 4B1.2(a)(2), which appears to be at least partially in response to the disagreement among the Circuits about the application of Johnson to the residual clause contained

Case Nos.: 3:06cr442/LAC/EMT; 3:16cv223/LAC/EMT

in the Sentencing Guidelines. The proposed amendment would eliminate the residual clause and revise the list of specific enumerated offenses qualifying as crimes of violence.[1] Robbery would be specifically listed as a crime of violence within the text of U.S.S.G. § 4B1.2(2), instead of merely in the application notes. The effective date of this proposed amendment would be August 1, 2016. Even if the amendment is ultimately adopted and made retroactive, it would not impact Defendant's sentence.

Within his claim for relief, Defendant also appears to argue that the fact that he was charged with five § 924(c) violations in Counts Two, Four, Six, Eight, and Ten is a violation of "Double Jeopardy" because "it was the same weapon in <u>all</u> [of the] crimes [he] committed" (ECF No. 114 at 4). To the extent the court comprehends Defendant's argument, it is without merit. Whether Defendant had five different weapons, or a single weapon that was re-used in each of the five crimes of violence charged in Counts One, Three, Five, Seven and Nine, is irrelevant. The statute is violated each time a firearm is used or carried, or possessed in furtherance of, a crime of violence or drug trafficking crime. *See* § 924(c)(1)(A). In this case,

---

[1] *See* http://www.ussc.gov/news/press-releases-and-news-advisories/january-8-2016.

Case Nos.: 3:06cr442/LAC/EMT; 3:16cv223/LAC/EMT

Defendant engaged in crimes of violence involving firearms on five separate dates. There was no double jeopardy violation, even if the same weapon was used, carried, or possessed in each instance, and Welch does not support such a claim.

In conclusion, the court finds that it is plain from the face of Defendant's motion and the record of prior proceedings that he is not entitled to relief, and that the motion should be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

Case Nos.: 3:06cr442/LAC/EMT; 3:16cv223/LAC/EMT

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 114) be summarily **DENIED and DISMISSED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 29th day of July 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 3:06cr442/LAC/EMT; 3:16cv223/LAC/EMT